IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OAKLEY, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>   Defendants. | No. 22-cv-01570<br><br>Judge John F. Kness |

### ORDER

The motion (Dkt. 48) of Professor Lorianne Updike Toler for leave to file an amicus curiae brief is denied. See accompanying Statement for details.

### STATEMENT

### I.   Background

Plaintiff Oakley, Inc. (Oakley) sued the Partnerships and Unincorporated Associations identified on Schedule A (Defendants), alleging Defendants infringed Plaintiff's patented designs by operating e-commerce stores selling infringing products directed to Illinois consumers. (Dkt. 1.) No Defendant has yet appeared in the case. By separate orders, the Court granted Plaintiff's request for a temporary restraining order (Dkt. 22) as well as a preliminary injunction (Dkt. 35) and found all Defendants in default (Dkt. 44). On September 29, 2022, Professor Lorianne Updike Toler (Movant), an assistant professor of law at Northern Illinois University College of Law, filed a motion for leave to submit an amicus curiae brief pertaining to what Movant contends are various "constitutional and statutory issues in this case." (Dkt. 48.) Plaintiff opposes Movant's request. (Dkt. 49.)

### II.   Legal Standard

District courts have the inherent authority "to appoint or deny amici," a power that "is derived from Rule 29 of the Federal Rules of Appellate Procedure." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (quoting *Smith v. Chrysler Fin. Co., L.L.C.*, 2003 WL 328719, at *8 (D.N.J. Jan.15, 2003)). Whether to permit a nonparty "to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (citing Fed. R. App. P. 29(a); *United States v. Michigan,* 940 F.2d 143,

165 (6th Cir. 1991); *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)). In the Seventh Circuit, the "criterion for deciding whether to permit the filing of an amicus brief" is "whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). At the same time, however, "our adversarial system of adjudication" follows the "principle of party presentation." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). This means that, in "the first instance and on appeal," courts in civil and criminal cases alike "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008).

**III.    Discussion**

In her motion for leave, Movant contends that "[t]here are constitutional and statutory issues in this case" that would benefit from Movant's analysis. (Dkt. 48 at 1.) Movant argues that two issues deserve treatment: "Whether due process under the Fifth Amendment allows for electronic service and summons" and "[w]hether the Patent Clause under which the Patent Law was passed allows for extraterritorial effect." (*Id.*) Movant maintains that Defendants "have not had a realistic opportunity to raise any issues in this case" because they "have no physical presence in the United States" and "have had no effective notice of these proceedings." (*Id.* at 2.) Oakley counters that, to the extent Defendants "are 'inadequately represented' on these issues in this case, it is because they have chosen not to be represented. Movant should not be permitted to assume control for Defendants and participate in an adversarial fashion in this case." (Dkt. 49 at 3.)

To be sure, Movant's willingness to aid the Court in its oversight of this and similarly situated Schedule A cases is laudable. But in exercising its "inherent authority to appoint or deny amici" within its "discretion," *Jin*, 557 F. Supp. 2d at 136, the Court finds that Plaintiff has the better argument. To begin, it is not correct that Defendants have "had no effective notice of these proceedings" (Dkt. 48 at 2); on the contrary, the Court has already held that electronic service of process "is consistent with due process because it effectively communicates the pendency of this action to Defendants." (Dkt. 21.) And although the Court is not as confident as Plaintiff in saying that Defendants have *chosen* not to be represented (there is insufficient evidence from which to divine Defendants' intent), it remains true that Defendants received effective notice but defaulted. (*See* Dkt. 44.) For reasons that include judicial efficiency, that fact cuts against allowing Movant to act *in loco parentis* for Defendants and impede the timely resolution of this case.

More broadly, the Court hesitates to allow a nonparty to raise issues that have not been at least implicated by a party. As the Supreme Court of the United States recently reaffirmed, courts in "our adversarial system of adjudication" must "follow the principle of party presentation," *Sineneng-Smith*, 140 S. Ct. at 1579, meaning

that the Court must "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw*, 554 U.S. at 243. Although Movant might indeed be able to present colorable constitutional and historical arguments, no Defendants have appeared in this case to raise any issues at all. Allowing Movant to present new arguments (no matter how meritorious or persuasive) on behalf of absent Defendants would thus pay insufficient heed to the principle of party presentation. If defendants in any Schedule A case seek to present constitutional or historical challenges to a plaintiff's legal theories, those defendants—as parties to the case—should appear and make those arguments in the first instance. Only then could the Court assess whether the contributions of an amicus might be warranted.

For these reasons, the Court denies Movant's request for leave to file an amicus brief.

SO ORDERED in No. 22-cv-01570.

Date: October 24, 2022

JOHN F. KNESS
United States District Judge

3